UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEONA KIRKPATRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:10-cv-1397-WTL-DKL |
| | ) |
| LIBERTY MUTUAL GROUP, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ENTRY ON MOTION FOR ATTORNEYS' FEES

Before the Court is the Plaintiff's Motion for Attorneys' Fees (Docket No. 53). The motion is fully briefed, and the Court being duly advised, now **GRANTS** the Plaintiff's motion for the reasons set forth below.

The facts of this case are set forth in the Court's summary judgment entry (Docket No. 51) and are incorporated herein.

According to 29 U.S.C. § 1132(g)(1), in a civil action for benefits "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." However, "a fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 130 S.Ct. 2149, 2158 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). If a fee claimant has achieved some success, then the court considers whether a fee award is appropriate.

The Defendants first argue that the Court should stay the Plaintiff's motion for attorneys' fees because consideration of the motion at this juncture would result in a waste of resources both for the Court and the parties. However, just the opposite is the case: "district courts in this circuit should proceed with attorneys' fees motions, even after an appeal is filed, as

expeditiously as possible. Any party dissatisfied with the court's ruling may then file an appeal and apply to [the Seventh Circuit] for consolidation with the pending appeal of the merits." *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 793 (7th Cir. 1983).

Moreover, the Defendants predicate their argument on an outdated misapplication of the law, wherein attorneys' fees are awarded in ERISA cases only to a "prevailing party." *See Hardt*, 130 S.Ct. at 2157 (finding that the "prevailing party" precedents do not govern the availability of fee awards under ERISA); *Perlman v. Swiss Bank Corp. Comp. Disability Protection Plan*, 195 F.3d 975, 980 ("How is one to tell whether Perlman is a 'prevailing party' entitled to fees until we know the final outcome?"). However, under *Hardt,* a court may award attorneys' fees to a claimant who shows "some degree of success on the merits." 130 S. Ct. at 2158. The Seventh Circuit has recognized that this "means that even the ultimate loser could receive an award of attorneys' fees and costs, if on the way to defeat the litigant won a skirmish that conferred some legal benefit." *Loomis v. Exelon Corp.*, 658 F.3d 667, 674-75 (7th Cir. 2011). Thus, to the extent that *Hardt* envisions a requirement for fees that may be independent from the ultimate result on appeal, the Court's determination at this juncture is not a waste of resources. Thus, the Court now turns to the motion at hand.

The parties dispute whether the court's holding – summary judgment in favor of Kirkpatrick and remand to the plan administrator to conduct a more reasoned inquiry – constitutes "some degree of success on the merits." The Defendants argue that, because Kirkpatrick requested an award of benefits rather than remand (and in fact characterized remand as providing Liberty Life a "mulligan"), Kirkpatrick cannot fairly be said to have achieved some degree of success on the merits. In response, Kirkpatrick argues that remand constitutes some

2

degree of success regardless of the relief she requested. The Court agrees.

As an initial matter, it makes little sense to hang the success inquiry on whether the relief granted corresponds exactly to the relief requested. Certainly the use of the phrase "some degree" indicates that less than total success, i.e., receiving all relief requested, is necessary. *Hardt*, 130 S. Ct. at 2158 ("A claimant . . . satisf[ies] it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue." (quotations omitted)). Furthermore, it would be quite strange if a claimant did not request an award of benefits in an ERISA case like the one at bar – certainly the claimant believes he or she is entitled to benefits – and it would be stranger still if a claimant would lose the ability to request attorney's fees simply because she requested the greatest form of relief available to her but did not receive it. Thus, the fact that Kirkpatrick requested an award of benefits, but did not receive benefits, does not preclude her from being characterized as having achieved some success on the merits.

The precise issue in this case – whether remand by itself equals some success on the merits – was explicitly avoided by the Supreme Court in *Hardt* and has not yet been squarely addressed by the Seventh Circuit. However, our sister court in the Northern District of Illinois has addressed a similar issue with considerable depth and clarity, and the Court finds that decision persuasive. In *Young v. Verizon Bell Atl. Cash Balance Plan*, that court considered whether its finding that the defendant plan had abused its discretion and acted improperly by disregarding unambiguous plan terms constituted "some success" although no monetary relief was awarded. 748 F. Supp. 2d 903, 910-12 (N.D.Ill. 2010). In ultimately holding that monetary

3

relief was not required under the "some success" standard, the court considered ERISA's statutory structure, other fee-shifting statutes subject to the "some success" standard, and case law regarding whether remand to other administrative agencies was considered "some success," before finding that success could be measured in terms other than dollars. *Id.* at 912. Similarly here, the fact that Kirkpatrick was not awarded benefits by this Court does not mean that she did not achieve some degree of success on the merits. Rather, as it stands now, Kirkpatrick has established an ERISA violation and forced Liberty Life to review her application for benefits with the proper care. *See id.*; *cf. Loomis*, 658 F.3d at 674-75. For these reasons, Kirkpatrick has achieved "some success on the merits."

Accordingly, the Court turns to whether a fee award is appropriate. In making this inquiry, a court considers whether the losing party's position was substantially justified and whether any special circumstances make a fee award unjust.[1] *E.g., Harris Trust & Sav. Bank v. Provident Life & Acc. Ins. Co.*, 57 F.3d 608, 616-117 (7th Cir. 1995). The ultimate question is whether "the losing party's position [was] substantially justified and taken in good faith, or [whether] that party [is] simply out to harass its opponent." *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 592-93 (7th Cir. 2000) (quotations omitted). "Substantially justified" means that

---

[1] The Seventh Circuit has articulated two tests district courts may use when determining whether to award fees in ERISA cases. The first, used by the Court here, is the "substantial justification" test. The second test considers five factors: (1) the degree of the losing party's culpability or bad faith; (2) the ability of the losing party to satisfy an award of fees; (3) whether an award of fees against the losing party would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. The Court has explained that these "formulations are simply alternative ways of making the same basic point." *Central States, Southeast & Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 272 F.3d 1000, 1004 (7th Cir. 2001).

4

the losing party's position is "more than merely not frivolous, but less than meritorious." *Harris Trust*, 57 F.3d at 617 n.4 (quoting *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 830 (7th Cir. 1984)). In addition, the references to good faith and harassment do not mean that a party must actually show bad faith to justify a fee award. *Prod. & Maint. Emps.' Local 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1405 (7th Cir. 1992); *Loomis*, 658 F.3d at 674-75 ("A district judge need not find that the party ordered to pay fees has engaged in harassment or otherwise litigated in bad faith."). Rather, there is a "modest presumption" in favor of awarding attorney's fees, and the inquiry is whether the losing party's position had a reasonable or "solid" basis in law and fact. *E.g.*, *Harris Trust*, 57 F.3d at 616-17. Under this approach, the Court finds that Kirkpatrick is entitled to fees because Liberty Life's position does not have a solid basis in fact and no special circumstances would otherwise make an award unjust.

A cursory review of the facts is all that is necessary here to find that Liberty Life's position that it did not act arbitrarily and capriciously was not substantially justified. On initial review of Kirkpatrick's application for short-term benefits, the record reveals that a "recommendation" was made to deny Kirkpatrick's claim before Liberty Life had even reviewed Kirkpatrick's job duties. Furthermore, that "recommendation" was communicated to Kirkpatrick before "final approval" was given. That "final approval" was itself based on insufficient information, as it was based on the initial insufficiently-informed "recommendation" to deny benefits. The record further reveals a physician-review process that is simply riddled with obvious errors and inconsistencies. For example, Dr. Martens' initial review of the record regarding Kirkpatrick's short-term benefit appeal overlooked key medical records tending to support Kirkpatrick's position. Even when Liberty Life attempted to correct these errors, the

5

resulting addendum by Dr. Martens continued to overlook key records and contradict itself. Liberty Life's initial review of Kirkpatrick's long-term disability claim simply recited Dr. Martens' erroneous findings again. Review of Kirkpatrick's long-term disability claim on appeal was similarly deficient: reviewing physician Dr. Chagnon repeatedly summarized and analyzed records from physicians treating Kirkpatrick for diseases other than lupus, an analysis rendered especially curious in light of Liberty Life's repeated contention that only lupus could serve as a disabling cause for Kirkpatrick's claim. In addition, each doctor continually failed to address the substantial and material duties of Kirkpatrick's job, an inquiry highly relevant to determining whether Kirkpatrick met the requirements for disability benefits. For these reasons, Liberty Life's position was not justified by the facts of its underlying review decisions. Because Liberty Life has not argued that there is any special circumstance at work here that would otherwise make a fee award unjust, Kirkpatrick is entitled to a fee award under ERISA.

The only issue remaining is the amount of that award. In determining a reasonable fee, the Court applies the lodestar method. *E.g.*, *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 544 (7th Cir. 2009) (multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate). Attorney Bridget O'Ryan avers that her hourly rate is $350 and she spent 33.3 hours representing Kirkpatrick.[2] Attorney Amanda Yonally avers that her hourly rate is $225 and she spent 108.8 hours on this matter. In the absence of any objection by Liberty Life, the Court finds the rates and time spent reasonable.

---

[2] O'Ryan spent 7.8 of those hours researching and drafting her reply to Liberty Life's response to the instant motion. Pl.'s Reply in Supp. of Mot. for Att'ys' Fees, April 18, 2012, ECF No. 62. The Seventh Circuit recognizes that fee awards should include time that attorneys reasonably spend on fee disputes. *See Stark v. PPM America, Inc.*, 354 F.3d 666, 674 (7th Cir. 2004). Thus, O'Ryan will also be compensated for this time.

The Defendants' request that the Court stay the pending motion until the issues presented on appeal are resolved is **DENIED**. Rather, for the foregoing reasons, the Plaintiff's Motion for Attorney Fees (Docket No. 53) is **GRANTED**. Attorney O'Ryan is entitled to fees in the amount of $11,655.00. Attorney Yonally is entitled to fees in the amount of $24,480.00. However, enforcement of this Court's order is hereby **STAYED** pending resolution of the appeal.

**SO ORDERED:** 06/18/2012

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.